In the Matter of the Petition of ABRAHAM SCHOLLE
TO VACATE AN ASSESSMENT.

*Assessments in New York — valuation of property — when fixed.*

Section 7 of chapter 326 of 1840 provides that no assessments in the city of New York shall exceed one-half the value of the house or lot as assessed by the ward assessors. By the laws of that city, the books of assessors' valuation for each year are open for inspection and correction from the second Monday of January until the first day of May in that year. In levying this assessment, which was confirmed before May 1st, 1873, the valuations made by the assessors for 1873 were used. *Held,* that this was error; that those valuations were still, at the time of the confirmation, unfixed, and that the valuation of 1872 should have been used.

Appeal from an order of the Special Term refusing to vacate the assessment in the above matter.

*A. B. Johnson,* for Appellant.

*J. A. Beal,* for Respondent.

Ingalls, J. :

We are satisfied that an erroneous basis was adopted in making this assessment. The statute of 1840, chap. 326 § 7, provides " commissioners or assessors for making estimates and assessments for any improvement authorized by law to be assessed upon the owners or occupants of houses and lots, or improved or unimproved lands shall in no case assess any house, lot, improved, or unimproved lands more than one-half the value of such house, lot, improved or unimproved lands, *as valued by the assessors of the ward in which the same shall be situated."* The laws of 1859, chap. 302 provides for the valuation of the property real and personal in the city of New York. The seventh section of said act provides that the deputy tax commissioners shall commence to assess real and personal estate on the first Monday of September of each and every year.

Section eight provides that the books shall be open for examination and correction from the second Monday of January until the first day of May in each and every year. That on said last men-

tioned day the books shall be closed to enable the commissioners to prepare assessment rolls. of the several wards. Section 10 provides that during the time the books are thus open for inspection any person considering himself aggrieved by the assessed valuation of the property may apply to have the same corrected. Thus it appears that the assessment does not become complete until the 1st day of May, for until that period the estimated value may be changed, and hence no reliable basis is established until that date.

It is obvious that great injustice might be done to parties, by acting upon such an incomplete and fluctuating basis, which would unavoidably produce inequality in the assessments for improvements. The assessment in question was based upon the valuation of 1873 and was confirmed previous to the 1st of May of that year and therefore before the valuation of the property had become fixed by lapse of time. We think this was a substantial error, and the subject of complaint by those interested.

The order of the Special Term should be so far modified, that that court shall correct the assessment by adopting as a basis the assessed valuation of 1872. We perceive no practical difficulty in such manner correcting the error as the Special Term can have before it all the facts essential to such adjustment. The appellant should have costs of this appeal.

DAVIS, P. J., I concur except as to costs. The appellant succeeds only in part and neither party should have costs.

BRADY, J, concurred with DAVIS, P. J.

Order modified as directed in opinion, without costs to either party.